Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| MEGA GUAYAMA 5 INC., ASMAR ENERGY PETROLEUM, INC.<br><br>Recurrentes<br><br>VS.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO, OFICINA DE GERENCIA DE PERMISOS, DIVISIÓN DE REVISIONES ADMINISTRATIVAS DE OGPE, JUNTA DE PLANIFICACIÓN DE PUERTO RICO, JUAN E. BELTRÁN, LAS MAREAS SERVICE STATION, INC. Y TOTAL ENERGIES MARKETING PUERTO RICO CORP. P/C ING. JORGE L. BONNIN<br><br>Recurridos | TA2026RA00138 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos<br><br>Caso Núm.<br><br>2026-676146-SDR-303996<br><br>Sobre: Solicitud de Intervención 2026-SIN-3000777 en Permiso de Construcción: 2025-617810-PCOC-313883 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Comparece la parte recurrente, Mega Guayama 5 Inc., y Asmar Energy Petroleum Inc., solicita la revisión de la denegatoria de la parte recurrida, la Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio (OGPe), en torno a su la *Solicitud de Intervención* número 2025-SIN-300777en el caso número 2025-617810-PCOC-313883.

Por los fundamentos antes expuestos, *confirmamos* el dictamen recurrido.

## -I-

El 29 de enero de 2026 la parte recurrente de título, dedicada a la venta de combustible, solicitó intervenir en el caso número 2025-617810-PCOC-313883. En el referido caso, la parte recurrida expidió un permiso de construcción el 23 de julio de 2025 para la construcción de una estación de gasolina.

El 30 de enero de 2026 la OGPe denegó la solicitud de intervención. La parte recurrida concluyó que, la solicitud de permiso número 2025-617810-PCOC-313883 fue aprobada el 23 de julio de 2025. El permiso había advenido final y firme, y no existía una solicitud en proceso de evaluación. Por tanto, no existía un trámite adjudicativo pendiente de evaluación, en el cual la parte recurrente pudieran intervenir. La *resolución sobre solicitud de intervención* fue oportunamente apelada administrativamente ante la *División de Revisiones Administrativas*. El 10 de marzo de 2026 el ente revisor emitió una resolución mediante la cual *denegó* la petición de revisión administrativa promovida por la parte recurrente.

Inconforme, la parte recurrente comparece y señala los siguientes errores:

> ERRÓ LA DRA AL NO ACOGER LA SOLICITUD PARA QUE SE DEJARA SIN EFECTO LA RESOLUCIÓN DE LA OFICINA DE GERENCIA DE PERMISOS (OGPE) DECLARANDO "NO HA LUGAR" LA SOLICITUD DE INTERVENCIÓN POR "NO EXISTIR UN PROCESO DE EVALUACIÓN NI PROCEDIMIENTO ADJUDICATIVO PENDIENTE EN LA OGPE".
>
> ERRÓ LA DRA AL NO ACOGER LA SOLICITUD PARA QUE SE DEJARA SIN EFECTO LA RESOLUCIÓN DE LA OGPE DENEGANDO LA SOLICITUD DE INTERVENCIÓN, PORQUE DICHA SOLICITUD PLANTEA VIOLACIONES SIGNIFICATIVAS AL REGLAMENTO CONJUNTO Y LA LEY QUE DEBEN SER EVALUADAS.

La parte recurrida también compareció mediante alegato escrito. Procedemos a resolver el presente recurso apelativo con el

beneficio de la comparecencia de las partes, el contenido del expediente administrativo y el Derecho aplicable.

### -II-

La Sección 3.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9645, permite a cualquier persona con interés legítimo en un procedimiento adjudicativo ante una agencia solicitar de forma fundamentada y por escrito intervenir en el procedimiento. La intervención en un procedimiento administrativo permite a una persona que, originalmente no es parte defender sus intereses ante la posibilidad de una determinación administrativa adversa. *Íd.* La disposición legal establece, además, que la agencia tiene discreción para conceder o denegar la solicitud. Esto en consideración a los criterios establecidos en el propio estatuto: (1) en qué manera se afecta el interés del peticionario; (2) si existen otros medios legítimos para que el interventor pueda proteger su interés; (3) si el interés del peticionario está representado adecuadamente por alguna de las partes; (4) si la participación del peticionario puede ayudar a lograr un expediente más completo; (5) si la intervención dilataría excesivamente el procedimiento; (6) si el interventor representa a entidades comunitarias; y (7) si el interventor puede aportar información pericial, conocimientos especializados o asesoramiento técnico que, de otro modo, no estaría disponible. *Íd.* La LPAU define *interventor* como aquella persona "que no sea parte original en cualquier procedimiento adjudicativo que la agencia lleve a cabo y que haya demostrado su capacidad o interés en el procedimiento". 3 LPRA sec. 9603 (f). De otro lado, la LPAU define *parte* como la persona promovida, la persona promovente, o aquellas partes incorporadas durante el trámite administrativo por el ente adjudicador, previa solicitud formal y debidamente fundamentada. 3 LPRA sec. 9603 (k).

La solicitud de intervención puede presentarse en cualquier etapa del procedimiento adjudicativo a nivel de la agencia o entidad gubernamental mientras el proceso no advenga final y firme. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Adquirido el carácter irremediable de final y firme sobre el proceso adjudicativo, este adquiere una presunción de corrección y legalidad. Precisamente, la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, 23 LPRA sec. 9011 *et seq.*, provee algunos mecanismos, y solo en circunstancias específicas, para la protección de intereses originados fuera del ámbito del procedimiento de aprobación del permiso. En todo caso, según el Tribunal Supremo "el derecho de intervención sólo puede existir dentro de un procedimiento adjudicativo. Si no existe este tipo de proceso, este derecho es inexistente". *Claro TV y Junta Regl. Tel. v. One Link*, 179 DPR 177, 209 (2010). Finalmente, la Sección 3.6 de la LPAU, 3 LPRA sec. 9646, instruye a las agencias a notificar por escrito su determinación de denegar una solicitud de intervención, consignar los fundamentos legales para la denegación de intervención, y advertir al peticionario sobre los recursos de revisión disponible. La denegación para intervenir en un proceso administrativo es una cuestión de Derecho, revisable por el Tribunal de Apelaciones. *Junta de Planificación v. Cordero Badillo*, 177 DPR 177 (2009).

### -III-

En la presente causa, la parte recurrente arguye un sinnúmero de impedimentos en contra del permiso de construcción relacionado. El 29 de enero de 2026 la parte recurrente solicitó intervenir en el caso número 2025-617810-PCOC-313883, sin embargo, el permiso de construcción fue aprobado por OGPe el 23 de julio de 2025. Por tanto, determinamos que la OGPe actuó conforme a derecho al denegar la solicitud de intervención del

permiso número 2025-617810-PCOC-313883 pues al a fecha de presentación de la solicitud de intervención, unos seis meses después, era final y firme.

Al momento de presentar la solicitud de interventor, el permiso estaba cobijado por la presunción de corrección y legalidad, toda vez que, advino final y firme, asunto que aún persiste. Por ende, no tenemos nada que proveer sobre las alegaciones esbozadas, desprovistas de justiciabilidad. Al no existir un procedimiento adjudicativo pendiente, el mecanismo de la solicitud de intervención es improcedente e inoficiosa.

### *-IV-*

Por los fundamentos expresados, los cuales hacemos formar parte de este dictamen, *confirmamos* la *resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones